UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 3/21/14

-------------------------------------------------------------x

MIGUEL BAEZ and ALBERTO GORIS,                    :
                                                   :
                              Plaintiffs,          :
                                                   :
              -against-                            :
                                                   :
CITY OF NEW YORK and DEPUTY                        :
INSPECTOR GREGORY ANTONSEN, sued in                :
his individual and official capacity,              :
                                                   :
                              Defendants.          :

-------------------------------------------------------------x

**OPINION AND ORDER**
12-CV-1122 (ER)

Ramos, D.J.:

      Plaintiffs Miguel Baez ("Baez") and Alberto Goris ("Goris") (collectively, "Plaintiffs")

bring this action against Defendants the City of New York ("the City") and Deputy Inspector

Gregory Antonsen ("Antonsen") (collectively, "Defendants"), stating claims pursuant to 42

U.S.C. § 1983, the New York State Human Rights Law ("NYSHRL") and the New York City

Human Rights Law ("NYCHRL"). Specifically, Plaintiffs allege that Defendants retaliated

against them for having brought a lawsuit against the New York City Police Department and

their former commanding officer in 2009, and that they were subject to a hostile work

environment based on their race, color and/or national origin. Second Am. Compl. ("SAC")

(Doc. 31.)

      Presently before the Court is Defendants' motion for summary judgment pursuant to

Federal Rule of Civil Procedure 56. Doc. 47. In response to Defendants' motion, Plaintiffs

voluntarily withdrew their § 1983 claim alleging that Defendants retaliated against them in

violation of their First Amendment rights.[1] Pls.' Mem. L. Opp. (Doc. 51) at 5. Accordingly, the

---

[1] As Plaintiffs have voluntarily withdrawn their First Amendment retaliation claim, that claim is dismissed with prejudice. *See Allen v. N.Y.C. Housing Auth.*, No. 10 Civ. 168 (CM) (DF), 2012 WL 4794590, at *4 (S.D.N.Y. Sept. 11, 2012) (noting that where a plaintiff has abandoned a claim, it is appropriate for the court to dismiss it with

only remaining claims are Plaintiffs' state law claims.  SAC ¶¶ 25-40.  For the reasons discussed below, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims and, accordingly, the action is REMANDED to state court for further proceedings.

## I.     The Court Declines to Exercise Supplemental Jurisdiction

Federal district courts have supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a). The doctrine of supplemental jurisdiction is traditionally "a doctrine of discretion, not of plaintiff's right."  *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).  Subsection (c) of § 1367 enumerates circumstances in which a district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a)."  28 U.S.C. § 1367(c).  One such circumstance is where, as here, "the district court has dismissed all claims over which it has original jurisdiction."  *Id.* at § 1367(c)(3).

Once a district court's discretion is triggered under § 1367(c)(3), it balances the traditional "values of judicial economy, convenience, fairness, and comity" in deciding whether to exercise jurisdiction.  *Kolari*, 455 F.3d at 122 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).  The Supreme Court has noted that in the case in which all federal claims are eliminated before trial, "the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Id.* (quoting *Cohill*, 484 U.S. at 350 n.7); *see*

---

prejudice) (citing, *inter alia*, *Oteri-Harkins v. City of New York*, No. 97 Civ. 2309 (JG), 1998 WL 817689, at *2 n.2 (E.D.N.Y. Feb. 5, 1998) (dismissing with prejudice claims that were voluntarily withdrawn); *Marks v. Nat'l Comms. Ass'n, Inc.*, 72 F. Supp. 2d 322, 328 n.6 (S.D.N.Y. 1999) (dismissing abandoned claims with prejudice)); *see also Montanile v. Nat'l Broadcast Co.*, 211 F. Supp. 2d 481, 489 (S.D.N.Y. 2002) (dismissing with prejudice claims that plaintiff had voluntarily withdrawn).

*also Gibbs*, 383 U.S. at 726 ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law . . . . [I]f the federal law claims are dismissed before trial . . . the state claims should be dismissed as well."). Accordingly, as Plaintiffs have voluntarily dismissed their sole federal claim, this Court declines to exercise jurisdiction over the remaining state law claims.

The Court has reviewed Defendants' arguments in support of this Court retaining jurisdiction over Plaintiffs' state law claims and find them to be without merit. Although Defendants contend that *Plaintiffs* are attempting to forum shop and avoid an unfavorable outcome in this Court, Defs.' Reply Mem. L. (Doc. 55) 3-4, the Court notes that it was *Defendants* who removed this action from New York Supreme Court—where it was originally filed—to this Court on February 14, 2012. Doc. 1. Since that time, Defendants have continuously argued for dismissal of Plaintiffs' federal law claims. *See* Defs.' Mot. to Dismiss (Doc. 25) at 6-7 (arguing that Plaintiffs failed to state a cognizable Equal Protection claim); Defs.' Mot. for Summ. Jdgmt. (Doc. 49) at 3-9 (arguing that Plaintiffs' First Amendment retaliation claim should be dismissed). Accordingly, the Court finds Defendants' argument unavailing in light of the fact that Plaintiffs originally commenced this action in state court, and that the matter is only before this Court as a result of Defendants' own actions.

## II. Conclusion

For the reasons set forth above, the Court declines to exercise jurisdiction over Plaintiffs' remaining state law claims. The case is therefore REMANDED to the Supreme Court of the State of New York, New York County. The Clerk of the Court is respectfully directed to close the case and mail a certified copy of the instant order to the clerk of the New York State

Supreme Court for New York County, pursuant to 28 U.S.C. § 1447(c).

The Clerk of the Court is respectfully directed to terminate this motion.  Doc. 47.

It is SO ORDERED.

Dated:   March 21, 2014
         New York, New York

_____
Edgardo Ramos, U.S.D.J.

4